**UNITED EQUITABLE INS. CO., Appellant,**

v.

**J. R. SONNIER, Appellee.**

**No. 6971.**

Court of Civil Appeals of Texas.

Beaumont.

May 2, 1968.

Weller, Wheelus & Green, Beaumont, for appellant.

D. H. O'Fiel, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from a default judgment granted to plaintiff when defendant failed to file an answer. The parties will be referred to here as they were in the trial court.

Plaintiff brought suit upon a hospitalization policy written by defendant. Service was had upon the Chairman of the Board of Insurance Commissioners, and answer was due on or before July 24, 1967. Default judgment was rendered and entered August 17, 1967. Defendant's answer and motion for new trial were filed August 25, 1967. This motion for new trial was heard and overruled, which action of the trial court is made the basis of defendant's points of error.

Defendant alleged in its motion for new trial: That the petition and citation were forwarded to defendant's address in Chicago, Illinois. That for some explained reason these papers then did not arrive in the offices of defendant's Chicago attorney until July 24, 1967. That on that date such attorneys acknowledged receipt of the papers and advised the Texas Department of Insurance that the matter would be disposed of with plaintiff's attorney or local counsel would be obtained. That a copy of this letter was sent to plaintiff's attorney. That on August 8, 1967, defendant's attorney discussed the case by long distance telephone with plaintiff's attorney and it was agreed that defendant should have until August 16, 1967 to investigate the claim and confer with plaintiff's attorney and that no default judgment would be taken before that date. That defendant's attorney was under the mistaken impression that he talked with

plaintiff's attorney again on August 16, 1967 and they agreed upon additional time. That defendant's attorney was under the impression that no default judgment would be taken without further communication and notice of such intent. That defendant's attorney called local counsel August 22, 1967, and it was discovered that default judgment had been taken. That failure to file an answer was not due to any fault, negligence, inattention or conscious indifference by defendant or its counsel but to a mistaken reliance upon a misunderstanding by counsel. That justice and equity would be served by granting a new trial and no delay or injury would be occasioned. That defendant has a meritorious defense in that the policy of insurance provided protection for accidental injury and defendant has a report from the attending physician that plaintiff's condition was due to illness.

The trial court permitted defendant to attach an affidavit by Samuel I. Neiberg to its motion for new trial in which it was stated under oath: That affiant was one of defendant's attorneys, and the petition and citation were forwarded to him. That he contacted plaintiff's attorney and was granted additional time to research and discuss the matter with defendant. That he was under the erroneous impression that he had again spoken with plaintiff's attorney on August 16, 1967 and was given additional time to review the claim during which time no default judgment would be entered. That affiant did not allow default judgment to be entered as a result of wilful negligence or intent on his part but the situation arose out of the misunderstanding on the part of affiant.

On the hearing of the motion for new trial, plaintiff's attorney was called as an adverse witness and testified: That he caused a default judgment to be rendered in the case August 17, 1967. That he had a telephone conversation with Samuel I. Neiberg on August 8, 1967, at which time he told Neiberg he was already in default, but he agreed Neiberg could have until August 16, 1967 to look into the legal aspects of the case. That Neiberg said he would either get back in touch with plaintiff's attorney and make some adjustment of the matter or would employ local counsel and have them contact plaintiff's attorney by the 16th of August. That he made no effort to get in touch with Neiberg before taking the default judgment.

Kyle Wheelus, Jr., testified: That he was a member of the firm employed as local counsel for defendant. That his first conversation with Neiberg was August 22, 1967. That the issue which would be determined on a new trial would be whether or not the condition complained of occurred solely as a consequence of direct bodily injury resulting from an accident independent of all other causes and that the motion for new trial, if granted, would be in order to litigate this disputed issue.

The only question presented by this appeal is whether the trial court erred in overruling defendant's motion for new trial. In Ivy v. Carrell, (Tex.Civ.App.) 407 S.W.2d 212 it is said:

> The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:
>
> > A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.
>
> *    *    *    *    *    *
>
> We note again the specific language of Craddock that a new trial should be

granted to a defaulting defendant if his motion "sets up a meritorious defense." This does not mean that the motion should be granted if it merely alleges that the defendant "has a meritorious defense." The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such meritorious defense.

\*   \*   \*   \*   \*   \*

Since the motion for new trial does not contain allegations of facts which in law constitute a meritorious defense to the plaintiff's cause of action and the testimony given on the hearing does not prove such a defense prima facie, the trial court did not err in overruling the motion.

■ The defendant in this case made allegations in its motion for new trial which satisfied the rules set forth. The facts alleged showed the failure to answer before judgment was not intentional or the result of conscious indifference, but was due to a mistake. The facts alleged set up a meritorious defense by stating defendant had a medical report from the attending physician showing plaintiff's condition was due to illness while the insurance policy provided protection for accidental injury. However, upon the hearing of the motion for new trial, there was no affidavit or other evidence offered to prove prima facie that defendant has such meritorious defense. The trial court had only Neiberg's affidavit, the testimony of the attorney for plaintiff and the testimony of local counsel before it at the time of the hearing. The only mention of a meritorious defense came from defendant's local counsel, as follows:

\* \* \* in my opinion, there is a legitimate bona fide issue for determination upon any trial on the merits—

and

And that the issue which would be determined on a new trial would be whether or not the condition complained of occurred solely as a consequence of direct bodily injury resulting from an accident independent of all other causes and that the Motion for New Trial, if granted, would be in order to litigate this disputed issue.

The transcript contains a deposition of Samuel I. Neiberg. The notice and application to take the written interrogatories were filed in the trial court September 1, 1967 and the commission to take the deposition was issued September 7, 1967. The answers to the deposition were sworn to September 21, 1967, and it was returned and filed September 25, 1967. The order of the trial court overruling the motion for new trial reads as follows:

The defendant's, United Equitable Insurance Company, motion for new trial having been heretofore presented to the court under date of September 15, 1967 and having been taken under advisement by the court, same is herewith overruled on the 29th day of September, 1967.

To which action, ruling and judgment of the court the defendant in open court excepts and here gives notice of appeal to the Court of Civil Appeals for the Ninth Supreme Judicial District of Texas at Beaumont, Texas.

ENTERED this the 3rd day of October, 1967.

James N. Neff

**JUDGE PRESIDING**

■ The statement of facts filed in this court shows the evidence came on to be heard the 15th day of September and contains only the testimony of attorney for plaintiff and defendant's local counsel, who then announced, "That's all of the evidence." No mention was made of the deposition. The agreement assigned by the attorneys for both parties, attached to the statement of facts, showed it contained all of the evidence heard on the motion for new trial. There is nothing in this record to show the

deposition of Neiberg was ever presented to the court as evidence, or considered by the court. For these reasons such deposition will not be considered by this court.

Judgment affirmed.