Maxine Ford COMBS, Appellant,

v.

Walter E. COMBS, Appellee.

No. 15378.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Nov. 29, 1968.

Banks, 317 S.W.2d 812 (San Antonio Tex. Civ.App., 1958, writ ref.).

The general rule is stated in Strode v. Silverman, 217 S.W.2d 454 (Waco Tex.Civ. App., 1949, writ ref.): "We fully recognize the valuable right of any litigant to be represented in the trial of his case by counsel of his own selection. However, the mere absence of counsel from the trial does not necessarily constitute an unwarranted denial of such right so as to require a new trial. Ordinarily, before a new trial will be granted upon that ground it is necessary for the complaining party to allege in his motion and to submit proof upon a hearing thereof showing that his failure to be represented at the trial was not due to his fault or negligence, or that of his counsel, and that he has a meritorious defense to the cause of action asserted against him."

In the 1966 case of Ivy v. Carrell, the Supreme Court of Texas at 407 S.W.2d 212, 213, stated:

"The correct rule, applicable alike to motions for new trial which seek to set aside default judgments entered on failure of a defendant to file an answer and those entered on failure to appear for trial, is stated in Craddock v. Sunshine Bus Lines, Inc., 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939), as follows:

"'A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff.'"

In her motion for new trial appellant alleged that the case was set to be tried the week beginning March 18, 1968, that on Friday, March 15, her counsel spoke by telephone to someone in the office of ap-

Ralph Balasco, Houston, for appellant.

Rachel Johnson, Pasadena, for appellee.

PEDEN, Justice.

This is an appeal from a decree granting a divorce to Mr. Walter Combs after a non-jury hearing.

The only point of error raised by appellant is that the "trial court erred in proceeding to trial without the presence of defendant and cross-plaintiff and/or her attorney and in failing to grant a new trial upon her motion for new trial."

The divorce decree recites that Mrs. Combs appeared not, but wholly defaulted; however, both appellant and appellee have agreed and admitted in their briefs and their oral arguments before this Court that before this case was called for trial Mrs. Combs had entered an appearance by the timely filing of pleadings (and the transcript reflects this) but that when the case was called for trial neither she nor her attorney of record appeared. We may consider such admissions. Mueller v.

pellee's counsel and to "either the substitute clerk or the bailiff" and told them that he would be engaged in a "hearing" in Brownsville, Texas beginning at 9 A.M. on March 18. Further the motion states that during such conversation appellant's counsel was advised that this case would not be called for trial as long as he was absent, but that it was tried while he was still engaged in the hearing in Brownsville.

The transcript reflects that service of citation was had on appellant in Nevada. The decree recites that the court heard evidence.

 There is nothing before us on this appeal in the nature of proof of her allegations as to the circumstances surrounding the hearing of the case in the absence of her attorney and herself; neither statement of facts nor findings of fact are in the record to reflect what facts were established at the hearing, if any, on the motion for new trial. The transcript contains no reference to an order whereby the motion for new trial was acted upon; presumably it was overruled by operation of law.

Appellant might have discharged her burden of supporting her claim of error with a bill of exceptions clearly and accurately reflecting the circumstances and rulings complained of. Layne Glass Co. v. Parker, 340 S.W.2d 363 (Ft. Worth Tex. Civ.App., 1960, no writ); 4 Tex.Jur.2d 39, § 507. She has not done so. The record contains no bills of exception.

Appellant's motion for new trial does not set up a meritorious defense; that it was necessary for her to do so is pointed out in our quotation from Ivy v. Carrell, supra.

But even if we considered the allegations in appellant's motion for new trial to have been established, we must overrule the point. We cannot say that it was due to a mistake or accident that appellant's attorney left the city on the eve of trial in reliance on advice given by one obviously not in a position to commit the trial judge to delay the trial. That such person had authority from the trial judge to thus commit him has not been alleged or proved; nor has the nature or the urgency of the hearing in Brownsville. The record does not reflect that a motion for continuance was filed.

The matters presented on appeal do not warrant a reversal of the decree.

Affirmed.