Jose MAGANA, Jr., Appellant,

v.

Dolores H. MAGANA, Appellee.

No. 1409.

Court of Civil Appeals of Texas,
Corpus Christi.

Dec. 21, 1978.

**132**

Don Leonard, Leonard & Van Meter, Fort Worth, for appellant.

William G. Burnett, Sinton, for appellee.

## OPINION

YOUNG, Justice.

This is an appeal from a suit in which the appellee, Dolores H. Magana, sued the appellant, Jose G. Magana, Jr., to adjudge custody and child support for their child whose custody was not established by their prior divorce decree. Appellant answered, but neither he nor his attorney appeared for trial on June 8, 1978. After hearing evidence, the trial court entered an order on June 9, 1978, placing managing conservatorship in the appellee and possessory conservatorship in the appellant. The judgment also provided that appellant should pay $150.00 per month child support.

1. Appellant's motion for new trial provided in pertinent part as follows:

I.

"Respondent was not notified by his former attorney, DON DRIVER, that Respondent was to be present in court on the 8th day of June, 1978.

II.

Immediately upon notice that a judgment was entered in this cause, Respondent notified the undersigned attorney and this Motion was prepared.

III.

Respondent has a good and meritorious defense to Petitioner's claim as shown in the answer filed herein.

IV.

Appellant filed a motion for new trial on June 23, 1978. Generally speaking, the motion alleged that appellant had not been properly notified of the instant suit and that he had a meritorious defense because he had not been allowed to secure blood tests from all of the parties involved.[1]

Appellant brings two points of error. Appellant's first point contends that the trial court erred in hearing the instant case without giving the appellant at least ten days notice of the June 8 trial as required by Rule 245, T.R.C.P. By his second point, appellant asserts that he was entitled to and was denied an opportunity to secure a blood test under Tex.Fam.Code Ann. §§ 13.01–13.06 (Supp.1978). We affirm.

In his motion to set aside the trial court's default judgment and secure a new trial we note that Mr. Magana, appellant, has not complied with the applicable rule stated in *Ivy v. Carrell*, 407 S.W.2d 212 (Tex.Sup. 1966) and *Craddock v. Sunshine Bus Lines*, 134 Tex. 388, 133 S.W.2d 124 (Tex.Sup. 1939), as follows:

"A default judgment should be set aside and a new trial ordered in any case in which the failure of the defendant to answer before judgment was not intentional, or the result of conscious indifference on his part, but was due to a mistake or an accident; provided the motion for a new trial sets up a meritorious defense and is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff."

Respondent would further show the Court that Chapter 13, Sub-Chapter A, Section 13.01 of the Family Code of the State of Texas, requires that blood tests be given before the trial of said cause.

In this connection, Respondent would show that, although Respondent was willing and able to submit to such blood tests, he has never been afforded the opportunity to prove his innocence by said blood tests.

V.

Respondent would show that the trial of this cause would not be unnecessarily delayed because said blood tests are required, and Respondent is ready to proceed to trial immediately thereafter."

In *Ivy,* the Supreme Court said that the rule is also applicable to default judgments entered on failure of the defendant (Mr. Magana here) or his counsel to appear for trial (after answer). *Tresselt v. Tresselt,* 561 S.W.2d 626 (Tex.Civ.App.—Corpus Christi 1978, no writ). As will be shown hereafter, in the present case the appellant failed to "set up" a meritorious defense or to show that his failure to appear for trial was not intentional or the result of conscious indifference on his part or the part of his counsel. *Ivy v. Carrell,* supra, *Combs v. Combs,* 435 S.W.2d 166 (Tex.Civ.App.—Houston [1st Dist.] 1968, no writ); *Strode v. Silverman,* 217 S.W.2d 454 (Tex.Civ.App.—Waco 1949, writ ref'd).

▪ To "set up a meritorious defense" does not mean that the motion should be granted if it merely alleges that the defendant "has a meritorious defense." The motion must allege facts which in law would constitute a defense to the cause of action asserted by the plaintiff, and must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. *Ivy v. Carrell,* supra at 214; *United Equitable Ins. Co. v. Sonnier,* 428 S.W.2d 155, 157 (Tex.Civ.App.—Beaumont 1968, no writ).

▪ The motion did not allege facts which in law would constitute a defense to the appellee's cause. Appellee's cause requested the court to adjudge custody in the appellee and to order the appellant to provide child support for their infant. The record shows that the parties were divorced in a suit heard on January 17, 1977, and in which a judgment was rendered on July 7, 1977. At the time of the divorce hearing, the parties apparently did not know that Mrs. Magana was pregnant. In the trial of the instant custody suit, Mrs. Magana testified that she was living with Mr. Magana up until January of 1977 and that the child was conceived in December of 1976. She further stated that they separated from each other in January of 1977 until the following June when they lived together again until August of 1977. Their child was born on September 10, 1977. In summary, the evidence indicates that the child was conceived during the marriage of Mr. and Mrs. Magana and is presumptively Mr. Magana's child even though born after the divorce. Tex.Family Code Ann. § 12.02 (Supp.1978). *Caddel v. Caddel,* 486 S.W.2d 141, 146 (Tex.Civ.App.—Amarillo 1972, no writ).

▪ Under these facts, appellant's only meritorious defense to his status as parent of the child was either to show that he was divorced from the appellee prior to conception or to show that though married to the appellee at the time of conception that he was either not accessible to the appellee or that he was impotent. *Davis v. Davis,* 521 S.W.2d 603, 607–08 (Tex.Sup.1975); *Young v. Young,* 545 S.W.2d 551, 553 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ dism'd); *Wedgman v. Wedgman,* 541 S.W.2d 522 (Tex.Civ.App.—Waco 1976, writ dism'd). The appellant made none of the above allegations in his motion for new trial or even in his answer to this cause. It should also be noted that the appellant's motion was not sworn to nor were any affidavits attached to it. *Ivy v. Carrell,* supra. Accordingly, we find that the appellant did not "set up a meritorious defense."

▪ Further, the motion for new trial failed to show that the appellant's failure to be present at trial was not intentional or the result of conscious indifference on his part, or the part of his counsel. The record shows that on May 19, 1978, this case was duly set for trial on June 2, 1978 and that notice of the June 2 setting was sent to appellant's counsel, Mr. Don Driver, on May 19, 1978. On May 30, 1978, appellant's counsel moved to continue the cause so that the parties could undergo blood tests and so that the appellant could obtain different counsel. The trial was postponed until June 8, and appellant's counsel, Driver, was sent notification of this setting. Driver, in an affidavit in the transcript, claimed he received notification of the new trial setting on June 6. In the affidavit, Driver further stated that he was unable to locate the appellant before the June 8 trial. Driver did not request a continuance in the

**134**

cause. Driver did continue, however, as appellant's attorney of record until June 19, 1978. It should be noted, therefore, that Mr. Driver's knowledge of the trial setting was imputed to the appellant. 7 Tex.Jur.2d Rev., Part 1, Attorneys at Law § 58 (1975). Driver had the right to appear on appellant's behalf of the merits or to seek a continuance. 7 Tex.Jur.2d Rev., Part 1, Attorneys at Law §§ 73, 74 (1975). Under these facts, we hold that appellant did not allege facts in his motion which would show that his failure to show up at trial was not due to conscious indifference of himself or his counsel. Compare *Combs v. Combs,* supra at 168. For these reasons alone it would have been proper for the court to overrule appellant's motion for new trial.

There are other reasons we have to overrule appellant's points. Appellant's first point was not raised in the motion for new trial nor is there evidence that it was raised otherwise in the trial court. It cannot be raised for the first time on appeal. *Valley Intern. Properties v. Los Campeones,* 568 S.W.2d 680 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n. r. e.). Moreover we disagree with appellant's contention that he was entitled to at least ten days notice of trial as required by Rule 245, T.R.C.P. His securing a continuance after proper notification waived any further right to additional notice under Rule 245. *Tresselt v. Tresselt,* supra.

We also disagree with appellant's argument concerning his asserted absolute right to a blood test under Tex.Fam.Code Ann. §§ 13.01–13.06 (Sup.1978). Sections 13.01 through 13.06 apply to suits to establish paternity. They do not apply to suits to establish non-paternity. Smith, Commentary on Title Two, Texas Family Code, 8 Tex.Tech.L.Rev. 19, 52 (1976). All of appellant's points are overruled.

The judgment of the trial court is affirmed.