COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-05-174-CV

 

 

IN THE
INTEREST OF S.H., A CHILD

 

 

 

 

                                              ------------

 

           FROM THE 323RD
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

 

I.  Introduction

 

Appellant Brenda Smith, mother of S.H., appeals
the trial court=s order terminating her parental
rights.  In two points, Smith argues that
the trial court erred by denying her motion for continuance and by denying her
motion for new trial.  We will affirm.

 








II.  Procedural Background

Prior to the final termination hearing, which was
set for March 15, 2005, Smith=s
counsel filed a written motion for continuance, explaining that he had a trial
setting on that date in another court. 
The trial court granted the motion and continued the proceeding until
April 18, 2005. 

At the outset of the April 18, 2005 final
termination hearing, Smith=s
counsel made an oral motion for continuance. 
He pointed out that Smith was not present and said that he had attempted
to contact her at every known phone number and had contacted every person he
knew Smith associated with in an effort to locate her.  He said that he was not sure Smith knew that
the final termination hearing was set for April 18, 2005.  The Texas Department of Family and Protective
Services responded that Smith had not participated in the service plan since
early February and had not contacted the Department or informed the Department
of her whereabouts.  The trial court
denied the motion for continuance and proceeded to hear evidence on whether to
terminate Smith=s parental rights. 








After hearing the evidence, the trial court found
by clear and convincing evidence that Smith had knowingly placed or knowingly
allowed S.H. to remain in conditions or surroundings that endangered her
physical or emotional well-being, had engaged in conduct or knowingly placed
S.H. with persons who engaged in conduct that endangered her physical or
emotional well-being, and had constructively abandoned S.H.  The trial court also found by clear and
convincing evidence that termination of the parent-child relationship between
Smith and S.H. was in S.H.=s best
interest.  Therefore, the trial court
terminated the parent-child relationship between Smith and S.H.[2]  See Tex.
Fam. Code Ann. ' 161.001 (Vernon Supp. 2005).








Smith timely filed a motion for new trial, urging
the trial court to grant her a new trial because she was not present at the
final termination hearing.  At the
hearing on the motion for new trial, Smith testified that she spoke with her
trial attorney on April 9, 2005, that she was homeless on that date, and that
she was not told about the April 18, 2005 hearing.  She said that she understood that the final
hearing was scheduled for July 21, 2005; if she had known of the April 18, 2005
setting, she would have appeared in court. 
Smith admitted, however, that she Adeliberately
stayed out of contact@ with CPS, that she did not want
CPS to know her address, and that although she knew how to contact her
caseworker, she made no effort to do so during February, March, or April
2005.  The trial court denied Smith=s motion
for new trial, and this appeal followed. 

III.  Motion for Continuance and Motion for New
Trial

In two points, Smith argues that the trial court
erred by denying her motion for continuance and by denying her motion for new
trial.[3]  Smith based both of her motions on the fact
that she was not present at the final termination hearing.  








To present a complaint for appellate review, the
record must show that a complaint was communicated to the trial court by a
timely motion, request, or objection complying with the requirements of the
rules of civil procedure.  Tex. R. App. P. 33.1(a).  When a party moves for a continuance, civil
procedure rule 251 requires the party to show sufficient cause by affidavit,
consent of the parties, or operation of law as support for her motion.  Tex.
R. Civ. P. 251.  Consequently, a
motion for continuance must be sworn and in writing.  Id.; Villegas v. State, 711
S.W.2d 624, 626 (Tex. 1986); In re K.M., No. 2-01-349-CV, 2003 WL 2006583,
at *2 (Tex. App.CFort Worth May 1, 2003, no pet.)
(mem op.). 

Here, on the day of the final termination
hearing, Smith=s counsel made an oral motion
for continuance, unsupported by affidavit or sworn testimony, which the
Department opposed.  Thus, Smith=s motion
for continuance did not comply with the requirements of rule 251.  Accordingly, Smith failed to preserve her
complaint for our review.  See
Taherzadeh v. Ghaleh-Assadi, 108 S.W.3d 927, 928 (Tex. App.CDallas
2003, pet. denied) (holding that appellant=s oral
motion for continuance without supporting affidavit failed to preserve his
complaint for appellate review).

Smith likewise asserted that she was entitled to
a new trial because she was absent from the final trial; she claimed that she
did not receive notice of the trial setting. 
Rule 8 requires all communications from the court or other counsel with
respect to a suit to be sent to the attorney in charge.  Tex.
R. Civ. P. 8.  Neither the trial
court nor the clerk may communicate directly with a party represented by
counsel.  The notice requirements of rule
245 are satisfied by serving the attorney of record.  Tex.
R. Civ. P. 21a; Bruneio v. Bruneio, 890 S.W.2d 150, 155 (Tex.
App.CCorpus
Christi 1994, no writ).  An attorney's
knowledge of a trial setting is imputed to his client.  Magana v. Magana, 576 S.W.2d 131, 134
(Tex. Civ. App.CCorpus Christi 1978, no writ).








A party challenging a trial court=s
judgment for lack of notice has the burden of proving there was no notice and
must produce evidence in addition to an allegation in a motion for new
trial.  Welborn‑Hosler v. Hosler,
870 S.W.2d 323, 328 (Tex. App.CHouston
[14th Dist.] 1994, no writ).  Smith=s
attorney received notice of the final hearing setting and appeared for that
hearing.  Smith testified in support of
her motion for new trial that she did not receive notice, but she also
testified that she intentionally did not keep CPS apprised of her
whereabouts.  Likewise, the record
supports the conclusion that Smith did not keep her attorney informed of her
whereabouts because he stated on the record that he had been unable to locate
her immediately prior to the final hearing; he had called every number he had
for Smith and had contacted all of her acquaintances in an effort to locate
her.








Thus, the trial court could have denied Smith=s motion
for new trial on the ground that notice of the final hearing setting was
properly served on Smith=s counsel and that her failure
to appear at that hearing was the result of her conscious indifference in
failing to keep CPS and her attorney informed of her whereabouts.  Accord Mathis v. Lockwood, 166 S.W.3d
743, 744 (Tex. 2005) (recognizing post‑answer defaultCSmith
was not defaulted, her counsel represented her in her absenceCmay be
set aside only if movant proves nonappearance was not intentional or the result
of conscious indifference).        We
overrule Smith=s two points.

IV.  Conclusion

Having overruled Smith=s two
points, we affirm the trial court=s
judgment terminating her parental rights to S.H.

 

 

SUE
WALKER

JUSTICE

 

PANEL B:   DAUPHINOT, WALKER, and MCCOY, JJ.

 

DELIVERED: January 12,
2006

 











[1]See
Tex. R. App. P.
47.4.





[2]The trial court also
terminated the parent-child relationship between Clifford Alan, the alleged
biological father, and S.H.  Alan did not
appeal the termination of his parental rights.





[3]The Department argues
that, based on the enactment of family code section 263.405(i), because Smith
failed to file a statement of points we lack jurisdiction to address her
complaints.  See Tex. Fam. Code Ann. ' 263.405(i) (Vernon Supp.
2005).  The Department concedes, however,
that this provision was not effective when Smith perfected her appeal.  Consequently, we will not apply it.