In re S.H., a child

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-174-CV

IN THE INTEREST OF S.H., A CHILD

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Brenda Smith, mother of S.H., appeals the trial court’s order terminating her parental rights.  In two points, Smith argues that the trial court erred by denying her motion for continuance and by denying her motion for new trial.  We will affirm.

II.  Procedural Background

Prior to the final termination hearing, which was set for March 15, 2005, Smith’s counsel filed a written motion for continuance, explaining that he had a trial setting on that date in another court.  The trial court granted the motion and continued the proceeding until April 18, 2005. 

At the outset of the April 18, 2005 final termination hearing, Smith’s counsel made an oral motion for continuance.  He pointed out that Smith was not present and said that he had attempted to contact her at every known phone number and had contacted every person he knew Smith associated with in an effort to locate her.  He said that he was not sure Smith knew that the final termination hearing was set for April 18, 2005.  The Texas Department of Family and Protective Services responded that Smith had not participated in the service plan since early February and had not contacted the Department or informed the Department of her whereabouts.  The trial court denied the motion for continuance and proceeded to hear evidence on whether to terminate Smith’s parental rights. 

After hearing the evidence, the trial court found by clear and convincing evidence that Smith had knowingly placed or knowingly allowed S.H. to remain in conditions or surroundings that endangered her physical or emotional well-being, had engaged in conduct or knowingly placed S.H. with persons who engaged in conduct that endangered her physical or emotional well-being, and had constructively abandoned S.H.  The trial court also found by clear and convincing evidence that termination of the parent-child relationship between Smith and S.H. was in S.H.’s best interest.  Therefore, the trial court terminated the parent-child relationship between Smith and S.H.
(footnote: 2)  
See
 
Tex. Fam. Code Ann.
 § 161.001 (Vernon Supp. 2005).

Smith timely filed a motion for new trial, urging the trial court to grant her a new trial because she was not present at the final termination hearing.  At the hearing on the motion for new trial, Smith testified that she spoke with her trial attorney on April 9, 2005, that she was homeless on that date, and that she was not told about the April 18, 2005 hearing.  She said that she understood that the final hearing was scheduled for July 21, 2005; if she had known of the April 18, 2005 
setting, she would have appeared in court.  Smith admitted, however, that she “deliberately stayed out of contact” with CPS, that she did not want CPS to know her address, and that although she knew how to contact her caseworker, she made no effort to do so during February, March, or April 2005.  The trial court denied Smith’s motion for new trial, and this appeal followed. 

III.  Motion for Continuance and Motion for New Trial

In two points, Smith argues that the trial court erred by denying her motion for continuance and by denying her motion for new trial.
(footnote: 3)  Smith based both of her motions on the fact that she was not present at the final termination hearing.  

To present a complaint for appellate review, the record must show that a complaint was communicated to the trial court by a timely motion, request, or objection complying with the requirements of the rules of civil procedure.  
Tex. R. App. P.
 33.1(a).  When a party moves for a continuance, civil procedure rule 251 requires the party to show sufficient cause by affidavit, consent of the parties, or operation of law as support for her motion.  
Tex. R. Civ. P.
 251.  Consequently, a motion for continuance must be sworn and in writing.  
Id.
; 
Villegas v. State
, 711 S.W.2d 624, 626 (Tex. 1986); 
In re K.M.
, No. 2-01-349-CV, 2003 WL 2006583, at *2 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem op.). 

Here, on the day of the final termination hearing, Smith’s counsel made an oral motion for continuance, unsupported by affidavit or sworn testimony, which the Department opposed.  Thus, Smith’s motion for continuance did not comply with the requirements of rule 251.  Accordingly, Smith failed to preserve her complaint for our review.  
See Taherzadeh v. Ghaleh-Assadi
, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (holding that appellant’s oral motion for continuance without supporting affidavit failed to preserve his complaint for appellate review).

Smith likewise asserted that she was entitled to a new trial because she was absent from the final trial; she claimed that she did not receive notice of the trial setting.  Rule 8 requires all communications from the court or other counsel with respect to a suit to be sent to the attorney in charge. 
 
Tex. R. Civ. P. 
8.  Neither the trial court nor the clerk may communicate directly with a party represented by counsel.  The notice requirements of rule 245 are satisfied by serving the attorney of record.  
Tex. R. Civ. P.
 21a; 
Bruneio v. Bruneio
, 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ).  An attorney's knowledge of a trial setting is imputed to his client.  
Magana v. Magana
, 576 S.W.2d 131, 134 (Tex. Civ. App.—Corpus Christi 1978, no writ).

A party challenging a trial court’s judgment for lack of notice has the burden of proving there was no notice and must produce evidence in addition to an allegation in a motion for new trial.  
Welborn-Hosler v. Hosler
, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ).  Smith’s attorney received notice of the final hearing setting and appeared for that hearing.  Smith testified in support of her motion for new trial that she did not receive notice, but she also testified that she intentionally did not keep CPS apprised of her whereabouts.  Likewise, the record supports the conclusion that Smith did not keep her attorney informed of her whereabouts because he stated on the record that he had been unable to locate her immediately prior to the final hearing; he had called every number he had for Smith and had contacted all of her acquaintances in an effort to locate her.

Thus, the trial court could have denied Smith’s motion for new trial on the ground that notice of the final hearing setting was properly served on Smith’s counsel and that her failure to appear at that hearing was the result of her conscious indifference in failing to keep CPS and her attorney informed of her whereabouts.  
Accord Mathis v. Lockwood
, 166 S.W.3d 743, 744 (Tex. 2005) (recognizing post-answer default—Smith was not defaulted, her counsel represented her in her absence—may be set aside only if movant proves nonappearance was not intentional or the result of conscious indifference).
 We overrule Smith’s two points.

IV.  Conclusion

Having overruled Smith’s two points, we affirm the trial court’s judgment terminating her parental rights to S.H.

SUE WALKER

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DELIVERED: January 12, 2006

FOOTNOTES
1:
See
 Tex. R. App. P.
 47.4.

2:
The trial court also terminated the parent-child relationship between Clifford Alan, the alleged biological father, and S.H.  Alan did not appeal the termination of his parental rights.

3:
The Department argues that, based on the enactment of family code section 263.405(i), because Smith failed to file a statement of points we lack jurisdiction to address her complaints.  
See
 
Tex. Fam. Code Ann.
 § 263.405(i) (Vernon Supp. 2005).  The Department concedes, however, that this provision was not effective when Smith perfected her appeal.  Consequently, we will not apply it.