

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-117-CV

IN THE INTEREST OF D.K.,
A.S., J.K., A.H., AND F.H.,
MINOR CHILDREN

------------

FROM THE 323 DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Mother appeals the order terminating her parental rights to D.K., A.S., J.K., A.H., and F.H. In three issues, Mother argues that she did not receive notice of the final trial, that the evidence is legally insufficient to show that the Texas Department of Family and Protective Services (TDFPS) used diligence in prosecuting the case, and that the trial court erred by failing to

------------

[1]... *See* Tex. R. App. P. 47.4.

grant a six-month extension under Texas Family Code section 263.401(b).  We will affirm.

## II.  BACKGROUND[2]

Mother struggled with a heroin addiction and placed all five of the children in their maternal grandmother's care, despite that her mother was gravely ill. The maternal grandmother ultimately could not take care of the children, and CPS received referrals for neglectful supervision.  CPS then placed all five children with D.K.'s paternal grandmother.

At the termination trial on March 16, 2009, the caseworker testified that, to her knowledge, Mother had not seen the children from July 2008 through March 2009 and that D.K.'s paternal grandmother provides a stable home for the five children and plans to adopt them.  The State moved for Mother's rights to be terminated on the ground of constructive abandonment.[3]  At the conclusion of the termination trial, the trial court granted the State's petition.[4]

---

[2]... Because Mother does not challenge the factual sufficiency of the evidence supporting the termination, we omit a detailed factual background.

[3]... This is one of multiple grounds that the State pleaded in its petition.

[4]... The order of termination states that Mother's parental rights were terminated because she constructively abandoned the children and because it was in the children's best interest to terminate Mother's parental rights.

Mother timely filed a motion for new trial, which was overruled by operation of law. Mother now appeals.

### III. SIX-MONTH EXTENSION

On the day of the termination trial, Mother's attorney filed a motion for extension stating that "[Mother's] mother died this past December and it has been an emotional hardship for her." After hearing arguments, the trial court denied the motion. In her third issue, Mother argues that the trial court erred by failing to grant a six-month extension under Texas Family Code section 263.401(b).

We review a trial court's determination on a motion for extension for an abuse of discretion. *In re D.W.*, 249 S.W.3d 625, 647 (Tex. App.—Fort Worth 2008), *pet. denied*, 260 S.W.3d 462. Section 263.401 of the Texas Family Code provides that, unless the court has commenced the trial on the merits or granted an extension, it must dismiss TDFPS's suit for termination on the first Monday after the first anniversary of the date the court appointed TDFPS as temporary managing conservator in a suit affecting the parent-child relationship. Tex. Fam. Code Ann. § 263.401(a) (Vernon 2008). The statute also provides that the trial court may extend this deadline for up to 180 days if the court finds that extraordinary circumstances necessitate the child's remaining in the temporary managing conservatorship of the TDFPS and that continuing the

3

appointment of TDFPS as temporary managing conservator is in the best interest of the child.  *Id.* § 263.401(b).

Here, on the day of the termination trial, Mother's attorney urged her motion for extension.  As set forth above, Mother's attorney requested the extension based on the fact that the children's maternal grandmother had died during December and that it had been an emotional hardship for Mother. Mother's attorney also argued that because of Mother's transient lifestyle, she was having difficulty locating Mother to get the services Mother needed to work for her service plan.  The attorney ad litem opposed the motion, arguing, "I believe the children are interested in some finality in this case.  And they've been in their current placement for quite sometime.  And I think the children would desire this to be resolved and have a final placement."  The trial court thereafter denied the motion.

Mother did not appear at the trial to testify, nor does the record contain an affidavit from her regarding the extraordinary circumstances that would require an extension.  Because Mother presented no evidence in support of her motion for extension, she cannot demonstrate that the trial court abused its discretion by denying it.  *See D.W.*, 249 S.W.3d at 648.  Moreover, it was entirely within the trial court's discretion to determine that Mother—who had not seen the children throughout the time this case was pending—had failed to

4

present any extraordinary circumstances that would necessitate an extension. *See In re L.D.K.*, No. 02-07-00288-CV, 2008 WL 2930570, at *3 (Tex. App.—Fort Worth July 31, 2008, no pet.) (mem. op.) (holding that father, who argued that the service plan given to him was deficient, had failed to present any extraordinary circumstances that would necessitate an extension); *Shaw v. Tex. Dep't of Family & Protective Servs.*, No. 03-05-00682-CV, 2006 WL 2504460, at *8 (Tex. App.—Austin Aug. 31, 2006, pet. denied) (mem. op.) (holding that appellant had not shown that needing more time after failing to make progress on the service plan for eight months amounted to "extraordinary circumstances" that necessitated the granting of the continuance). Thus, we hold that the trial court did not abuse its discretion by denying the motion for extension,[5] and we accordingly overrule Mother's third issue.

## IV. NOTICE OF FINAL TRIAL

In her first issue, Mother argues that she did not receive notice of the final trial setting. In essence, Mother argues that the trial court erred by

---

[5] ... To the extent that Mother intended to move for a continuance through her motion for extension, she did not comply with the requirements of rule 251 and therefore failed to preserve her complaint for our review. *Cf. Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (holding that appellant's oral motion for continuance without supporting affidavit failed to preserve his complaint for appellate review).

denying her motion for new trial and that she is entitled to a new trial because of the alleged lack of notice of the termination trial.

Rule 8 requires all communications from the court or other counsel with respect to a suit to be sent to the attorney in charge. Tex. R. Civ. P. 8. Neither the trial court nor the clerk may communicate directly with a party represented by counsel. The notice requirements for setting contested cases are satisfied by serving the attorney of record. Tex. R. Civ. P. 21a, 245; *Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ). An attorney's knowledge of a trial setting is imputed to his client. *Magana v. Magana*, 576 S.W.2d 131, 134 (Tex. Civ. App.—Corpus Christi 1978, no writ). Furthermore, a party challenging a trial court's judgment for lack of notice has the burden of proving there was no notice and must produce evidence in addition to an allegation in a motion for new trial. *Welborn-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ).

Mother's attorney received notice of the termination trial setting and appeared on Mother's behalf.[6] At trial, Mother's attorney stated that she had

---

[6] The record reveals that there was some confusion over the time of the termination trial setting; the trial court's order specified that it would be at 9:30 on March 16, while a letter from CPS to Mother's attorney specified that the hearing would occur at 3:00 on March 16. The trial court heard the termination

6

notified Mother of the March 16, 2009 termination trial by certified mail, return receipt requested and that she had received the green card back; however, Mother did not appear for the trial.

Thus, the trial court could have denied Mother's motion for new trial on the ground that notice of the termination trial setting was properly served on her counsel, as well as Mother herself, and that her failure to appear at the termination trial was the result of her conscious indifference. *See In re S.H.*, No. 02-05-00174-CV, 2006 WL 59354, at *3 (Tex. App.—Fort Worth Jan. 12, 2006, no pet.) (mem. op.). We therefore hold that the trial court did not abuse its discretion by denying Mother's motion for new trial. We overrule Mother's first issue.

## V. DUE DILIGENCE IN PROSECUTING CASE

In her second issue, Mother argues that the evidence is legally insufficient to show that TDFPS used diligence in prosecuting the case. Mother argues that the trial court's conclusion—that TDFPS made a diligent effort to locate her and afford her a reasonable opportunity to request appointment as a managing conservator—is erroneous because (1) TDFPS failed to use diligence to bring Mother into the case, and (2) TDFPS failed to use diligence to work with

---

trial at 9:30, but neither Mother's attorney nor Mother appeared. The trial court, however, repeated the termination trial at 3:00.

7

Mother during the case. Mother argues that the alleged five-month delay[7] in bringing her into the case deprived her "of the opportunity to meaningful[ly] participate in the termination of her parental rights or to make substantial efforts to avoid that."

As an initial matter, we note that Mother did not object in the trial court on the grounds that she argues here. To preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if they are not apparent from the context of the request, objection, or motion. Tex. R. App. P. 33.1(a). If a party fails to do this, error is not preserved, and the complaint is waived. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g).

Earlier this year, we decided a case involving a similar issue: a father argued that delayed service deprived him of his right to due process under Texas and federal law by denying him a meaningful opportunity and right to reunite with his children. *See In re E.J.C.*, No. 02-08-00295-CV, 2009 WL 885950, at *10 (Tex. App.—Fort Worth Apr. 2, 2009, no pet.) (mem. op.). In

---

[7] CPS filed its petition on May 29, 2008, and Mother signed a waiver of service on October 17, 2008. During those intervening five months after trying to serve Mother at three different addresses, CPS filed an affidavit for citation by publication on August 22, 2008.

that case, the father had eight months to prepare for trial, we held that the father's delayed-service complaint did not rise to the level of fundamental error, and because he did not raise his complaint in the trial court, he waived it. *See id.* at *11. We likewise hold that because Mother had five months[8] to prepare for trial, Mother's delayed-service complaint does not rise to the level of fundamental error, and because she did not raise her complaint in the trial court, she waived it. Accordingly, we overrule her second issue.[9]

## VI. CONCLUSION

Having overruled Mother's three issues, we affirm the trial court's judgment terminating her parental rights to D.K., A.S., J.K., A.H., and F.H.

SUE WALKER
JUSTICE

PANEL: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: December 31, 2009

---

[8]... As noted above, Mother filed a waiver of citation in October 2008, and the termination trial was held in March 2009.

[9]... Moreover, even assuming that Mother had preserved her diligence complaints, she would not prevail. First, the family code does not impose a deadline for service of process other than section 263.401's one-year dismissal deadline. *See E.J.C.*, 2009 WL 885950, at *10. And second, Mother's parental rights were terminated based on constructive abandonment (a ground that she did not challenge in this appeal), not a failure to work the services in her service plan; thus, Mother fails to show how TDFPS's working with her more during the case could have changed the outcome of her case.