COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                 FORT
WORTH

 

 

                                        NO.
2-09-117-CV

 

 

IN THE
INTEREST OF D.K., 

A.S., J.K., A.H., AND F.H., 

MINOR CHILDREN                                                                                

 

                                              ------------

 

             FROM THE 323
DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I.  Introduction








Appellant Mother appeals the order terminating
her parental rights to  D.K., A.S., J.K.,
A.H., and F.H.  In three issues, Mother
argues that she did not receive notice of the final trial, that the evidence is
legally insufficient to show that the Texas Department of Family and Protective
Services (TDFPS) used diligence in prosecuting the case, and that the trial
court erred by failing to grant a six-month extension under Texas Family Code
section 263.401(b).  We will affirm.

II.  Background[2]

Mother struggled with a heroin addiction and
placed all five of the children in their maternal grandmother=s care,
despite that her mother was gravely ill. The maternal grandmother ultimately
could not take care of the children, and CPS received referrals for neglectful
supervision.  CPS then placed all five
children with D.K.=s paternal grandmother. 

At the termination trial on March 16, 2009, the
caseworker testified that, to her knowledge, Mother had not seen the children
from July 2008 through March 2009 and that D.K.=s
paternal grandmother provides a stable home for the five children and plans to
adopt them.  The State moved for Mother=s rights
to be terminated on the ground of constructive abandonment.[3]
At the conclusion of the termination trial, the trial court granted the State=s
petition.[4]









Mother timely filed a motion for new trial, which
was overruled by operation of law. 
Mother now appeals.

III.  Six-Month Extension

On the day of the termination trial, Mother=s
attorney filed a motion for extension stating that A[Mother=s]
mother died this past December and it has been an emotional hardship for her.@  After hearing arguments, the trial court denied
the motion.  In her third issue, Mother
argues that the trial court erred by failing to grant a six-month extension
under Texas Family Code section 263.401(b). 








We review a trial court=s
determination on a motion for extension for an abuse of discretion.  In re D.W., 249 S.W.3d 625, 647 (Tex.
App.CFort
Worth 2008), pet. denied, 260 S.W.3d 462.  Section 263.401 of the Texas Family Code
provides that, unless the court has commenced the trial on the merits or
granted an extension, it must dismiss TDFPS=s suit
for termination on the first Monday after the first anniversary of the date the
court appointed TDFPS as temporary managing conservator in a suit affecting the
parent-child relationship.  Tex. Fam.
Code Ann. ' 263.401(a) (Vernon
2008).  The statute also provides that
the trial court may extend this deadline for up to 180 days if the court finds
that extraordinary circumstances necessitate the child=s
remaining in the temporary managing conservatorship of the TDFPS and that
continuing the appointment of TDFPS as temporary managing conservator is in the
best interest of the child.  Id. '
263.401(b).

Here, on the day of the termination trial, Mother=s
attorney urged her motion for extension. 
As set forth above, Mother=s
attorney requested the extension based on the fact that the children=s
maternal grandmother had died during December and that it had been an emotional
hardship for Mother. Mother=s
attorney also argued that because of Mother=s
transient lifestyle, she was having difficulty locating Mother to get the
services Mother needed to work for her service plan.  The attorney ad litem opposed the motion,
arguing, AI believe the children are
interested in some finality in this case. 
And they=ve been in their current
placement for quite sometime.  And I
think the children would desire this to be resolved and have a final placement.@  The trial court thereafter denied the motion.









Mother did not appear at the trial to testify,
nor does the record contain an affidavit from her regarding the extraordinary
circumstances that would require an extension. 
Because Mother presented no evidence in support of her motion for
extension, she cannot demonstrate that the trial court abused its discretion by
denying it.  See D.W., 249 S.W.3d
at 648.  Moreover, it was entirely within
the trial court=s discretion to determine that
MotherCwho had
not seen the children throughout the time this case was pendingChad
failed to present any extraordinary circumstances that would necessitate an
extension.  See In re L.D.K., No.
02-07-00288-CV, 2008 WL 2930570, at *3 (Tex. App.CFort
Worth July 31, 2008, no pet.) (mem. op.) (holding that father, who argued that
the service plan given to him was deficient, had failed to present any
extraordinary circumstances that would necessitate an extension); Shaw v.
Tex. Dep=t of Family & Protective
Servs., No. 03-05-00682-CV, 2006 WL 2504460, at *8 (Tex. App.CAustin
Aug. 31, 2006, pet. denied) (mem. op.) (holding that appellant had not shown
that needing more time after failing to make progress on the service plan for
eight months amounted to Aextraordinary circumstances@ that
necessitated the granting of the continuance). 
Thus, we hold that the trial court did not abuse its discretion by
denying the motion for extension,[5]
and we accordingly overrule Mother=s third
issue.

IV.  Notice of Final Trial 








In her first issue, Mother argues that she did
not receive notice of the final trial setting. 
In essence, Mother argues that the trial court erred by denying her
motion for new trial and that she is entitled to a new trial because of the
alleged lack of notice of the termination trial.

Rule 8 requires all communications from the court
or other counsel with respect to a suit to be sent to the attorney in charge.  Tex. R. Civ. P. 8.  Neither the trial court nor the clerk may
communicate directly with a party represented by counsel.  The notice requirements for setting contested
cases are satisfied by serving the attorney of record.  Tex. R. Civ. P. 21a, 245; Bruneio v.
Bruneio, 890 S.W.2d 150, 155 (Tex. App.CCorpus
Christi 1994, no writ).  An attorney=s
knowledge of a trial setting is imputed to his client.  Magana v. Magana, 576 S.W.2d 131, 134
(Tex. Civ. App.CCorpus Christi 1978, no
writ).  Furthermore, a party challenging
a trial court=s judgment for lack of notice
has the burden of proving there was no notice and must produce evidence in
addition to an allegation in a motion for new trial.  Welborn-Hosler v. Hosler, 870 S.W.2d 323,
328 (Tex. App.CHouston [14th Dist.] 1994, no
writ).








Mother=s
attorney received notice of the termination trial setting and appeared on
Mother=s
behalf.[6]  At trial, Mother=s
attorney stated that she had notified Mother of the March 16, 2009 termination
trial by certified mail, return receipt requested and that she had received the
green card back; however, Mother did not appear for the trial. 

Thus, the trial court could have denied Mother=s motion
for new trial on the ground that notice of the termination trial setting was
properly served on her counsel, as well as Mother herself, and that her failure
to appear at the termination trial was the result of her conscious
indifference.  See In re S.H., No.
02-05-00174-CV, 2006 WL 59354, at *3 (Tex. App.CFort
Worth Jan. 12, 2006, no pet.) (mem. op.).  We therefore hold that the trial court did not
abuse its discretion by denying Mother=s motion
for new trial.  We overrule Mother=s first
issue.

V.  Due Diligence In Prosecuting Case








In her second issue, Mother argues that the
evidence is legally insufficient to show that TDFPS used diligence in
prosecuting the case.  Mother argues that
the trial court=s conclusionCthat
TDFPS made a diligent effort to locate her and afford her a reasonable
opportunity to request appointment as a managing conservatorCis
erroneous because (1) TDFPS failed to use diligence to bring Mother into the
case, and (2) TDFPS failed to use diligence to work with Mother during the
case.  Mother argues that the alleged
five-month delay[7]
in bringing her into the case deprived her Aof the
opportunity to meaningful[ly] participate in the termination of her parental
rights or to make substantial efforts to avoid that.@ 

As an initial matter, we note that Mother did not
object in the trial court on the grounds that she argues here.  To preserve a complaint for appellate review,
a party must have presented to the trial court a timely request, objection, or
motion that states the specific grounds for the desired ruling, if they are not
apparent from the context of the request, objection, or motion.  Tex. R. App. P. 33.1(a).  If a party fails to do this, error is not
preserved, and the complaint is waived.  Bushell
v. Dean, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh=g). 








Earlier this year, we decided a case involving a
similar issue:  a father argued that
delayed service deprived him of his right to due process under Texas and
federal law by denying him a meaningful opportunity and right to reunite with
his children.  See In re E.J.C.,
No. 02-08-00295-CV, 2009 WL 885950, at *10 (Tex. App.CFort
Worth Apr. 2, 2009, no pet.) (mem. op.). 
In that case, the father had eight months to prepare for trial, we held
that the father=s delayed-service complaint did
not rise to the level of fundamental error, and because he did not raise his
complaint in the trial court, he waived it. 
See id. at *11.  We
likewise hold that because Mother had five months[8]
to prepare for trial, Mother=s
delayed-service complaint does not rise to the level of fundamental error, and
because she did not raise her complaint in the trial court, she waived it.  Accordingly, we overrule her second issue.[9]

VI.  Conclusion

Having overruled Mother=s three
issues, we affirm the trial court=s
judgment terminating her parental rights to D.K., A.S., J.K., A.H., and F.H.

 

SUE WALKER

JUSTICE

 

PANEL: CAYCE, C.J.;
LIVINGSTON and WALKER, JJ.

 

DELIVERED: December 31,
2009 











[1]See Tex. R. App. P. 47.4.





[2]Because Mother does not
challenge the factual sufficiency of the evidence supporting the termination,
we omit a detailed factual background.





[3]This is one of multiple
grounds that the State pleaded in its petition.





[4]The order of termination
states that Mother=s parental rights were
terminated because she constructively abandoned the children and because it was
in the children=s best interest to
terminate Mother=s parental rights. 





[5]To the extent that Mother
intended to move for a continuance through her motion for extension, she did
not comply with the requirements of rule 251 and therefore failed to preserve
her complaint for our review.  Cf.
Taherzadeh v. Ghaleh-Assadi, 108 S.W.3d 927, 928 (Tex. App.CDallas 2003, pet. denied)
(holding that appellant=s oral motion for
continuance without supporting affidavit failed to preserve his complaint for
appellate review).





[6]The record reveals that
there was some confusion over the time of the termination trial setting; the
trial court=s order specified that it
would be at 9:30 on March 16, while a letter from CPS to Mother=s attorney specified that
the hearing would occur at 3:00 on March 16.  The trial court heard the termination trial at
9:30, but neither Mother=s attorney nor Mother
appeared.  The trial court, however,
repeated the termination trial at 3:00. 





[7]CPS filed its petition on
May 29, 2008, and Mother signed a waiver of service on October 17, 2008.  During those intervening five months after
trying to serve Mother at three different addresses, CPS filed an affidavit for
citation by publication on August 22, 2008.





[8]As noted above, Mother
filed a waiver of citation in October 2008, and the termination trial was held
in March 2009.





[9]Moreover, even assuming
that Mother had preserved her diligence complaints, she would not prevail.  First, the family code does not impose a
deadline for service of process other than section 263.401=s one-year dismissal
deadline.  See E.J.C., 2009 WL 885950,
at *10.  And second, Mother=s parental rights were
terminated based on constructive abandonment (a ground that she did not
challenge in this appeal), not a failure to work the services in her service
plan; thus, Mother fails to show how TDFPS=s working with her more during the case could
have changed the outcome of her case.