Court of Appeals
Fourth Court of Appeals District of Texas
San Antonio





# MEMORANDUM OPINION

No. 04-10-00729-CV

**IN THE INTEREST OF G.N.M.**, et al., Minor Children

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-PA-02038
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Phylis J. Speedlin, Justice

Sitting:       Catherine Stone, Chief Justice
               Phylis J. Speedlin, Justice
               Rebecca Simmons, Justice

Delivered and Filed:  March 23, 2011

AFFIRMED

Appellants, Pearl M. and Alex B., appeal from the trial court's termination of their parental rights.

**Pearl M.'s Appeal**

Pearl is the mother of the minor children, G.N.M. and B.G.M.  Pearl's court-appointed attorney filed a brief containing a professional evaluation of the record and demonstrating there are no arguable grounds to be advanced.  Counsel concludes that the appeal is without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967).  *See In re R.R.*, No. 04-03-00096-CV, 2003 WL 21157944, at *4 (Tex. App.—San Antonio May 21, 2003,

order) (applying *Anders* procedure to appeals from orders terminating parental rights), *disp. on merits,* 2003 WL 22080522 (Tex. App.—San Antonio Sept. 10, 2003, no pet.).

Pearl filed a pro se brief complaining of the Texas Department of Family and Protective Service's ("the Department") failure to notify her of the trial date; she also alleges the Department withheld documentation proving she completed several tasks on her court-ordered family service plan. At the termination hearing on September 9, 2010, Pearl's attorney, William Delano, announced "not ready," and stated that he had been appointed over a month ago and had not had an opportunity to speak to his client. The trial court directed the parties to proceed, stating that he had previously admonished both parents of the seriousness of the case. The court noted that at the prior permanency hearing held on July 26, 2010, Pearl asked to discharge her attorney; the trial court granted Pearl's request and appointed Delano, who spoke with Pearl at the July 26 hearing. Since that time, Delano attempted to contact Pearl several times, but was unable to reach her by telephone. The trial court further noted that the case had been pending for almost a year, and that there was a need to permanently place the children.

At the motion for new trial hearing, Delano argued that Pearl was unaware that the trial had been reset from September 23 to September 9. The record reflects, however, that the trial was actually reset from July 29 to September 9. Both counsel for the Department and the children's ad litem argued that Pearl had notice of the September 9 trial because 1) she was present at the July 26 hearing when the trial was reset and 2) she was represented by counsel at all times, first by Elizabeth Fisher who remained on the case until the end of the July 26 hearing, and then by Delano, who was appointed immediately after Pearl discharged Fisher. At the July 26 hearing, two orders (Permanency Hearing Order and Pre-Trial Scheduling Order) were entered with the September 9 trial date.

All communications from the court or other counsel with respect to a suit must be sent to the attorney in charge. TEX. R. CIV. P. 8. Neither the trial court nor the clerk may communicate directly with a party represented by counsel. The notice requirements for setting contested cases are satisfied by serving the attorney of record. TEX. R. CIV. P. 21a, 245; *Bruneio v. Bruneio*, 890 S.W.2d 150, 155 (Tex. App.—Corpus Christi 1994, no writ). An attorney's knowledge of a trial setting is imputed to his client. *See Magana v. Magana*, 576 S.W.2d 131, 134 (Tex. Civ. App.—Corpus Christi 1978, no writ); *see also Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 777-78 (Tex. App.—Dallas 2005, pet. denied) (knowledge acquired by an attorney during the existence of an attorney-client relationship, and while acting in the scope of his or her authority, is imputed to the client). Furthermore, a party challenging a trial court's judgment for lack of notice has the burden of proving there was no notice and must produce evidence in addition to an allegation in a motion for new trial. *See Trevino v. Gonzalez*, 749 S.W.2d 221, 223 (Tex. App.—San Antonio 1988, writ denied); *Welborn-Hosler v. Hosler*, 870 S.W.2d 323, 328 (Tex. App.—Houston [14th Dist.] 1994, no writ) (allegation of improper notice must be supported by affidavit or other competent evidence).

Pearl's attorney received notice of the termination trial setting and appeared on Pearl's behalf on September 9. Accordingly, we conclude that Pearl had notice of the September 9 trial date. Additionally, although Pearl was not present at the termination trial, her counsel was present and participated in the bench trial, often objecting to testimony on hearsay grounds and cross-examining the attorney ad litem for the children; thus, she cannot show she was harmed by her failure to appear at the hearing. We note that Pearl did not present any evidence in support of her allegation that the Department withheld documentation related to her court-ordered service plan. After reviewing the record, we agree that Pearl's appeal is frivolous and without merit.

We grant counsel's motion to withdraw. *Nichols v. State*, 954 S.W.2d 83, 86 (Tex. App.—San Antonio 1997, no pet.); *Bruns v. State*, 924 S.W.2d 176, 177 n.1 (Tex. App.—San Antonio 1996, no pet.).

**Alex B.'s Appeal**

Alex is the alleged father of B.G.M. Alex similarly complains that the trial court erred in terminating his parental rights because he was not notified of the trial date. Alex did not appear at the termination trial and he was unrepresented by counsel at the time, having fired his third court-appointed attorney at the July 26 hearing. At the July 26 hearing, the trial court noted that Alex had personality conflicts with three court-appointed attorneys, and requested that each one be discharged. The trial court granted the third and final request after warning Alex that he would have to proceed pro se at the trial on the merits. At the motion for new trial hearing, Alex argued that he was unaware of the September 9 trial date because he walked out of the July 26 hearing after becoming upset with his lawyer, and it was at this hearing that the trial was reset from July 29 to September 9. The Department and the children's ad litem responded that Alex was represented by counsel until the end of the July 26 hearing, at which time two orders were entered reflecting that trial was set for September 9. The final termination order states that Alex did not appear, although duly and properly notified, and wholly made default.

We review the denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A default judgment should be set aside and a new trial granted only if (1) the failure to answer was not intentional or the result of conscious indifference but was due to a mistake or accident, (2) the movant sets up a meritorious defense, and (3) the motion is filed at such time that granting a new trial would not result in delay or otherwise injure the other party. *Id.* at 114-14; *see Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 133

S.W.2d 124, 126 (1939); *see also Ivy v. Carrell*, 407 S.W.2d 212, 213 (Tex. 1966) (extending *Craddock* to post-answer default judgments). This test for setting aside a default judgment has been applied to termination appeals by the Texas Supreme Court. *See In re R.R.*, 209 S.W.3d at 114-15.

Here, Alex has not shown that his failure to appear at the termination hearing was not intentional or the result of conscious indifference. His motion for new trial did not contain any evidence in support of his allegation. *See Welborn-Hosler*, 870 S.W.2d at 328. Further, just as Pearl's attorney's knowledge of the trial date was imputed to Pearl, Alex was charged with knowledge of the trial date by virtue of his attorney's presence at the July 26 hearing, at which time two orders were entered with the September 9 setting. *See Magana*, 576 S.W.2d at 134. Accordingly, the trial court did not abuse its discretion in denying Alex's motion for new trial. We overrule Alex's issue on appeal.

### CONCLUSION

We overrule appellants' issues on appeal and affirm the trial court's judgment.

Phylis J. Speedlin, Justice